UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GARY BAILEY            CIVIL ACTION

VERSUS

DARRYL VANNOY, ET AL.        NO. 17-00510-BAJ-EWD

## RULING AND ORDER

Before the Court is Plaintiff Gary Bailey's **Joint Motion for Preliminary Injunction and T.R.O. (Doc. 3)**, Defendants Warden Darryl Vannoy, Asst. Warden Tracy Falgout, and Aimee Zaunbrecher's **Motion to Set Aside Clerk's Entries of Default (Doc. 18)**, Defendants' **Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 19)**, and Plaintiff's **Cross-Motion for Summary Judgment (Doc. 20)**.[1]

I.     BACKGROUND

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against

---

[1] Also pending before the Court are Plaintiff's Motions for Exemption from Electronic Case Filing (Docs. 7 and 12), and Plaintiff's requests that the United States Marshal's Service effect service of process upon Defendants (Docs. 8 and 12). Initially, considering that Defendants have now been served with process and have appeared in this proceeding, Plaintiff's requests that service be effected by the United States Marshal's Service are subject to dismissal as moot. Further, the Court finds that Plaintiff has not shown adequate justification for exempting him from electronic case filing, which is mandatory for unrepresented inmates confined at the Louisiana State Penitentiary. *See* Local Rule 5(e). Specifically, there is no support for Plaintiff's assertion that the requirement for such filing creates "a serious conflict of interest," that prison officials have intentionally mishandled any such filings, or that prison officials have sought to obtain an unfair advantage through access to Plaintiff's filings before they are received by the Court. Accordingly, Plaintiff's motions requesting such an exemption shall be denied.

1

Medical Director Raman Singh, Dr. Randy Lavespere, Secretary James LeBlanc, Warden Darrell Vannoy and Ass't Warden Stephanie Lamartiniere, complaining that Defendants have violated his constitutional rights through deliberate indifference to his serious medical needs, specifically by requiring that he undergo an annual tuberculosis skin test notwithstanding that he allegedly suffers an allergic reaction to the test and notwithstanding that a non-invasive alternative is available, *i.e.*, a chest x-ray, that would allegedly permit him to avoid the allergic reaction and that would also provide for the safety of the prison.

## II. DISCUSSION

### A. Defendants' Motion to Set Aside Clerk's Entries of Default

Addressing first Defendants' Motion to Set Aside Clerk's Entries of Default (Doc. 18), the record reflects that Defendants were served with copies of the summons and Complaint on November 6, 2017. *See* Doc. 15. This service triggered a duty on the part of Defendants to respond to the Complaint, and it is recognized that a failure to timely respond may result in the entry of a default or a default judgment in accordance with Fed. R. Civ. P. 55. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937-39 (5th Cir. 1999). Thereafter, upon the failure of Defendants to appear or respond, the Clerk of Court, at Plaintiff's request, entered a preliminary default against Defendants on February 5, 2018. *See* Docs. 16 and 17. Notwithstanding, shortly thereafter, on February 19, 2018, Defendants filed the instant Motion to Set Aside the default and also filed a Motion for Summary Judgment addressed to the issue of administrative exhaustion. *See* Docs. 18 and 19.

2

In the Motion for Summary Judgment, Defendants assert the procedural defense that Plaintiff's action is subject to dismissal because of his failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e. In addition, in support of Defendants request to set aside the entry of the default under Fed. R. Civ. P. 55, counsel for Defendants asserts that Defendants' failure to timely respond to Plaintiff's Complaint was not willful and that it resulted simply from a delay that occurred between service of process and the assignment of counsel, with counsel being assigned to represent Defendants in this matter only after a responsive pleading was already due. Moreover, counsel represents that Defendants have meritorious defenses in response to Plaintiff's claims and that Plaintiff will not be prejudiced by the grant of the instant motion to set aside the entry of the default.

Rule 55(a) provides that, upon the failure of a defendant, after service of process, to file a pleading or otherwise defend, the Clerk of Court shall enter a default against that defendant. Thereafter, pursuant to Rule 55(b), a plaintiff must apply to the Court for entry of a judgment of default. A judgment of default, however, is not a matter of right, and the awarding thereof is within the sound discretion of the district court. *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933 (5th Cir. 1999). In addition, the decision to set aside a default lies within the sound discretion of the district court. *Id. See also United States v. One Parcel of Real Property*, 763 F.2d 181 (5th Cir. 1985). Default judgments are not favored in the law, and a trial on the merits is generally seen as being more in the interest of justice and fair play. *Id. See also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276

(5th Cir. 1989); *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); 10A Wright, Miller and Kane, *Federal Practice and Procedure: Civil 3d* § 2690 (1998). Further, a default judgment is considered a drastic remedy that should only be available "when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d at 276. Therefore, a party is not entitled to a default judgment, even where a defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).

In determining whether to set aside an entered default, the district court considers (1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *United States v. One Parcel of Real Property*, 763 F.2d at 183. The standard for setting aside a default is less rigorous even than that for setting aside a judgment for excusable neglect. *Id.* at 183.

Applying this standard to the instant case, the Court concludes, in the exercise of its discretion, that the entry of default should be vacated. Specifically, Defendants' failure to appear in this case does not appear to have been willful, and while the justification for the ensuing delay is not addressed with any great specificity in Defendants' Motion,[2] the minimal delay attendant to Defendants' failure to timely

---

2  Defendants' Motion asserts only (1) that there was a delay between the service of the summons and the assignment of counsel for Defendants by the Louisiana Attorney General's Office and (2) that counsel was only assigned to the case after the delays for filing a responsive pleading had already elapsed. Whereas the Motion does not provide any reason for the 3-month delay that elapsed after service before counsel for Defendants made an appearance herein and only asserts that counsel has been working "diligently" since receiving the assignment, the Court is mindful of the large volume of prisoner litigation handled by the Attorney General's Office, specifically as it relates to claims asserted by *pro se* inmates against prison officials.

4

appear will not prejudice Plaintiff in presenting his case. In addition, Defendants have raised a procedural defense in their Motion for Summary Judgment that, as discussed below, appears to be meritorious. Further, the Court notes that the meritorious procedural defense is essentially apparent from the face of Plaintiff's Complaint, including Plaintiff's explicit acknowledgement therein that he failed to proceed to the second step of the administrative process and so, from a legal standpoint, failed to exhaust administrative remedies as mandated by federal law. Finally, Defendants assert that they have additional substantive defenses available to them, including the defense of qualified immunity, that may prove to be meritorious in this case, particularly in light of the high bar that an inmate plaintiff must surpass to succeed in establishing a claim of deliberate medical indifference. *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Accordingly, in the exercise of its discretion, the Court finds that the scales are tipped in favor of vacating the default and allowing this case to proceed.

B.  **Summary Judgment**

Turning to the parties' Cross-Motions for Summary Judgment (Docs. 19 and 20), these motions principally address the issue of administrative exhaustion, which is a prerequisite for the assertion of an inmate's claim arising under 42 U.S.C. § 1983. Defendants contend, relying upon the pleadings, a Statement of Undisputed Facts, and the affidavit of LSP Legal Programs Director Nyesha Kelly, that dismissal is appropriate in the first instance based upon the procedural argument that Plaintiff has failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.

5

Under well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most

favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In response to Plaintiff's allegations, as noted above, Defendants contend that Plaintiff has failed to exhaust available administrative remedies as mandated by 42 U.S.C. § 1997e. Pursuant to this statute, Plaintiff was required to exhaust administrative remedies available at the prison prior to commencing a civil action in this Court with respect to prison conditions.[3] This provision is mandatory and applies broadly to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Specifically, not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson*, 385 F.3d at 516 (quoting *Porter*, 534 U.S. at 525). Thus, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended

---

3    42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until* such administrative remedies as are available are exhausted." (Emphasis added).

purpose. *Id.*

Applying the foregoing standard, and upon a review of the parties' exhibits and contentions, the Court finds that Defendants' motion is well-founded. Specifically, accepting Plaintiff's assertions as true, it appears that on or about April 15, 2017, he submitted an "emergency" administrative grievance to prison officials wherein he complained, *inter alia*, that he had in the past suffered an adverse reaction to the tuberculosis skin test and that he had been advised by health care providers at other institutions to request an alternative chest x-ray to assess his potential exposure to the tuberculosis bacterium. *See* Doc. 3-1 at p. 5. Plaintiff further stated therein that he had nonetheless been informed by Ass't Warden Tracy Falgout at LSP on April 12, 2017 that the skin test was "mandatory for all offenders with previous negative [skin tests]." Plaintiff asserted in the referenced grievance that it was improper to require that he undergo the referenced skin test, that he should be provided with an annual chest x-ray in lieu thereof, and that he specifically did not medically consent to the forced skin test.

Notwithstanding Plaintiff's contention that he submitted the referenced administrative grievance to prison officials on April 15, 2017, Defendants attest that there is no record of this grievance ever having been received or addressed by prison officials. *See* Doc. 19-3. Plaintiff asserts that on April 30, 2017, approximately two weeks after he submitted the referenced grievance, he addressed personal correspondence to Defendant Warden Vannoy, complaining that his grievance had not been formally accepted and that the correspondence was his "last attempt [sic] to

get this resolved." *See* Doc. 3-1 at p. 8. It does not appear that Warden Vannoy responded to Plaintiff's correspondence. Notwithstanding, other than the single letter that Plaintiff allegedly sent to Defendant Vannoy two weeks after the initial submission of his grievance, Plaintiff does not assert that he took any further action to administratively exhaust his claim or that he attempted to obtain a response to his grievance at the second step of the prison administrative process. Instead, Plaintiff asserts that in the absence of a First Step Response, it was futile to proceed further, and he was neither able to nor required to proceed to the second step of the process. *See* Doc. 1 at p. 9.

Based on the foregoing, the Court finds that Plaintiff has not exhausted available administrative remedies in connection with the claims asserted herein. In this regard, the Louisiana Department of Public Safety and Corrections has implemented a two-step administrative process that involves the submission of an initial grievance to the warden's office at the inmate's facility. *See* 22 La. ADC, Part I, § 325. The administrative rules further provide that an inmate who is confronted with a matter of sufficient seriousness may bypass the normal administrative procedure and may file a grievance as one addressing a "problem of an emergency nature." *See* 22 La. ADC, Part I, § 325(H). Such an emergency grievance is submitted directly to the shift supervisor instead of to the warden's office as with a normal grievance.

In either instance, upon receipt, prison officials have a 40-day period (reduced to 5 days in connection with a Prison Rape Elimination Act claim, not here relevant)

9

during which, absent a requested extension or absent placement of the grievance on administrative backlog (because of other grievances still pending), they are obligated to provide a written response to the grievance. *See* 22 La. Admin. Code, Part I, § 325(J)(1)(a). If the inmate is not satisfied with the First Step Response, the inmate has five days within which to submit a Second Step appeal to the office of the Secretary of the Department, after which the Secretary's office has an additional 45 days from receipt of the inmate's appeal to prepare a final Second Step response thereto. *See* 22 La. Admin. Code, Part I, § 325(J)(1)(b). As particularly pertinent to the instant case, the administrative rules specifically provide that, upon passage of the time allowed for a response at any step of the administrative process, the inmate may proceed unilaterally to the next step thereof. *See* 22 La. Admin. Code, Part I, § 325(J)(1)(c).

In the instant case, accepting Plaintiff's assertions as true, Plaintiff submitted an administrative grievance to prison officials on April 15, 2017, complaining of being required to undergo a mandatory annual tuberculosis skin test notwithstanding that he had experienced an adverse reaction to the test in the past. As to this grievance, however, other than a letter sent to Defendant Vannoy on April 30, 2017, before a First Step Response thereto was even due, Plaintiff took no further action to exhaust administrative remedies. More importantly, Plaintiff admittedly did not proceed unilaterally to the second step of the administrative process by appealing to the office of the Secretary of the Department after the passage of the applicable time period for a response to his grievance at the First Step. Plaintiff, however, was required to do

10

so because "a prisoner must pursue a grievance through both steps for it to be considered exhausted." *See Johnson*, 385 F.3d at 515 (citing *Wright v. Hollingsworth*, 260 F.3d 358, 358 (5th Cir. 2001)). Thus, Plaintiff's grievance in this case was not administratively exhausted and, accordingly, the Court concludes that this proceeding is subject to dismissal because of Plaintiff's failure to exhaust administrative remedies in accordance with § 1997e.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Set Aside Clerk's Entries of Default (Doc. 18)** is **GRANTED**, vacating and setting aside the default entered on February 5, 2018.

**IT IS FURTHER ORDERED** that **Plaintiff's Cross-Motion for Summary Judgment (Doc. 20)** is **DENIED** and that Defendants' **Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 19)** is **GRANTED**, dismissing Plaintiff's action, without prejudice, for failure of Plaintiff to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

**IT IS FURTHER ORDERED** that **Plaintiff's Joint Motion for Preliminary Injunction and T.R.O. (Doc. 3)** and Plaintiff's remaining pending motions in this case, for an exemption from electronic filing and for service of process (Docs. 7, 8 and 12) are **DISMISSED**.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 29th day of March, 2018.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**